RUNNELS ET AL., v. JAMES.

[76 South. 566, Division B.]

PRINCIPAL AND SURETY. *Release of sureties. Alteration of instruments.*
Where a promissory note with a surety, executed for two hundred
and twenty dollars, twenty dollars of which being for illegal in-
terest, was changed by the principals with the consent of the
payee to' two hundred dollars without the knowledge of the
.surety, in such case the surety was released but the principals
were still bound.

APPEAL from the circuit court of Forest county.
HON. P. B. JOHNSON, Judge.
Suit by Charlie James against J. P. Runnels and
others. Judgment for plaintiff against all the defendants,
which on motion for new trial was set aside as to surety,
and principals appeal.
The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellants.

We cite: 9 S. & M., page 375. This is an old case,
and the principle announced therein has never been
overruled, so far as we are able to find. The evidence
shows throughout that the note was changed for the
reasons set forth herein, so the question as to whether
or not the note had been altered, or whether or not
the alteration was material is not open to discussion.
It is admitted by all parties to the litigation; the only
question being: who was responsible for the alteration?
We submit that the plaintiff was not entitled to the
peremptory instruction against the two defendants,
Runnels and McLemore. They both emphatically denied
that they consented to said alteration, and that they, in
effect, protested against said change, by informing the
plaintiff, James, that by making the alteration in the

note, it would destroy its legal effect, and that over such protest, James directed Runnels to make the change in the note, and this while neither of the Lees were present. If this alteration was made at the instance of James, the plaintiff, without Runnels and McLemore's consent, as they testified, then the note was absolutely void as to both of these defendants. This was a question to be determined solely and exclusively by the jury. It is a well-settled principle of law, that the court, upon a question of conflict in the testimony upon material issues, cannot invade the province of the jury and decide for them which theory they shall adopt. If the jury had believed, as we believe they would, that the alteration in the note was made without the consent of these two defendants, then they would have been entitled to a verdict at the hands of the jury and we insist that the jury would have adopted this theory for the reason that they are corroborated by every circumstance connected with the transaction, and the plaintiff's testimony is conflicting from beginning to end.

We submit that the case as to these two defendants simply resolves itself into the question: Did McLemore and Runnels consent to the alteration of the note? The testimony is in conflict upon this point, however, being very timidly disputed by the plaintiff, and this was a question of fact for the jury, purely and simply, and the court erred in granting the peremptory instruction against the defendants, appellants herein. We submit, further, however, that the defendants were entitled to the peremptory instruction asked by them. The note showed upon its face that it had been materially altered and this being true, the burden was on the plaintiff to show that the alteration was lawful. This he wholly failed to do. The plaintiff himself, as we understand the record, does not say who changed the note, but leaves the question in doubt, and the most that could be said would be that his testimony would leave an inference that these two defendants were responsible for

the change or alteration. This does not meet the burden placed upon him by the law, when it is admitted by all the parties that the note had been materially altered.

"The general presumption indulged in favor of fairness and against fraud in transactions, does not apply when negotiable paper appears upon its face to have been materially altered. In that case, the holder must show that it was done under circumstances legal and proper." *Commercial, etc., Bank* v. *Lum,* 7 How. 414; *Ellison* v. *Mobile, etc., R. R. Co.,* 36 Miss., 572; *Croft* v. *White,* 36 Miss., 455. "And proof of the signatures on such note is insufficient." 51 So. 714.

And we submit that the plaintiff's explanation must be clear and convincing, and establishing, at least by a preponderance of the testimony, that the alteration was lawfully made. *Everman* v. *Robb,* 52 Miss. 653. Upon the proposition that the peremptory instruction should have been granted to the defendants, N. N. Lee and R. G. Lee we cite, 6 How. 65.

Holding emphatically that material alterations without the consent of the sureties discharged all such parties, for the reasons set forth herein, we respectfully submit that the case should be reversed and judgment entered that, or at least reversed and cause remanded for a new trial, as to McLemore and Runnels, and the order setting aside the judgment as to the defendants, R. G. Lee and N. N. Lee, made final.

*A. T. L. Watkins,* for appellee.

The only question presented by this cause, is, does the note as sued on, represent the contract as made and intended to be made. Appellants are estopped to urge on this honorable court, that they were conniving to make a void contract, to defraud appellee, cross-appellant, out of his money (receipt of which is acknowledged); the record shows conclusively the mistake, as to the legal rate of interest under the statute.

The record disclosed that appellee, did not correct the note, but insisted on appellant's correcting it, according to promise, having informed McLemore, the only one of the joint makers present when the money was paid, that he could not accept the note in that form, the note was manifestly executory at that date. For citations, touching upon the point, see *McRaven* v. *Crisler*, 53 Miss. 542; *Foote* v. *Hambrick*, 70 Miss. 157, Am. St. 631. See 57 So. 700; 69 So. 894; 65 So. 321.

We submit that a correction, which was to their interest. is not a material alteration within the meaning and intention of our law, if a credit had been found on the note, of which none of the debtors knew anything, it would not vitiate the note, the alteration must be, at least. detrimental to the party complaining; must be fraudulent and to the injury of some one. Merely clerical errors and their correction are not included within the meaning and intent of our law.

We respectfully submit that the cause should be affirmed on direct appeal, reversed on cross-appeal and judgment entered, in this court against all of the defendants, for principal, interest, attorney's fees, with appellate damages, as provided by statute.

Cook, P. J., delivered the opinion of the court.

The appellants here, defendants below, were sued upon a promissory note, as set forth in the declaration dated January 3, 1914, for the principal sum of two hundred dollars, with eight per cent. interest from date until paid. The defendants below appellants here, pleaded the general issue, and also filed a special plea, setting up the fact that there had been a material alteration made in the note sued upon by the plaintiff, James, without their knowledge and consent and that the note for this reason was void, and the plaintiff could not maintain his action. A peremptory instruction was granted by the court in favor of the plaintiff against all the de-

fendants for the full sum sued for, principal, interest, and attorney's fees. Upon motion for a new trial, the court set the judgment aside as to two of the defendants, N. N. Lee and R. G. Lee, but overruled the motion as to McLemore and Runnels, the other two defendants.

The record is conclusive upon the proposition that the note sued upon had been altered, and that this alteration was apparent upon the face of the note. The plaintiff admitted that when he received the note it called for two hundred and twenty dollars principal, and provided for eight per cent. interest after maturity, and that the note was altered and changed so as to read for two hundred dollars, principal, with eight per cent. interest after date. He admits that twenty dollars was added to the two hundred dollars as interest in advance for one year at ten per cent. per annum. He admits that he received the note, and had possession of the same, before and at the time he gave the check to McLemore for two hundred dollars the amount of money actually loaned by him to McLemore. James, the plaintiff below, claimed, however, that he did not receive the note as security for this debt, and at one time makes the statement that he let McLemore have the money on his word and honor. He (James) denies the alteration of the note himself, but contends that McLemire and Runnels made the change. He admits that neither of the Lees were present at the time the change or alteration of the note was made, and that neither knew anything about it.

There is no dispute between the plaintiff and the defendants as to the fact that the note was actually materially altered. There was a conflict in the testimony as to who altered the note. Runnels and McLemore both testified that some weeks, or perhaps a month or so, after the note had been signed and delivered to the plaintiff, the plaintiff brought the note to them at Runnels' store, and requested that the note be changed so as to make the face of the note for two hundred dollars

principal and eight per cent. after date. Runnels and McLemore testified that they told James at the time that the note could not lawfully be changed or altered, and that to do so would vitiate the note, or words to that effect, and that he should have a new note. They testified that neither of them consented to the change, but that James, the plaintiff, requested Runnels to make the change in the note, as alleged in defendants' plea, and as shown by the testimony; Runnels warning the plaintiff that such change was not lawful. They testified, as did all the defendants, that the note was for two hundred and twenty dollars, and that twenty dollars of this sum was added as interest for one year at ten per cent.; that they knew at the time the note was signed that interest had been computed on the two hundred dollars at ten per cent. for one year, and had been added to the principal of two hundred dollars in the note; that the same was not collectible. There is seemingly no conflict in the testimony for the plaintiff or defendants, except that between James, the plaintiff, and Runnels and McLemore, defendants, against whom the judgment now stands, and that is the conflict, as stated before, as to who altered the note, or at whose instance it was done; McLemore and Runnels having emphatically denied that they consented to the change, and that they told James at the time that it would make the note void or illegal, and James contending that they made it of their own accord.

We have assumed, for the purpose of this appeal, the facts to be as appellant states them in the brief of his counsel. It will be observed that the changes in the note sued on were made by appellants. The only conflict in the evidence about the change is that appellee testified that, when he discovered what he terms the error in the original note as written he refused to accept same in the form in which it was written, and so stated to the principal makers of the note; that the change was made by appellants without any objection. This, of course,

released the sureties, and the trial court so held; it appearing that the sureties were not parties to this change, and knew nothing about the change, until the note was presented to them for payment. The case of *Wilson* v. *Henderson,* 9 Smedes & M. 375, 48 Am. Dec. 716, clearly demonstrates that the rule invoked by appellants is not a hard and fast one—that it is not always literally enforced. Judge SHARKEY, speaking for the court, said:

"The proposition contained in this part of the charge is too broad in another respect. The plaintiff was at liberty to make any alteration which Sanders authorized; but the charge is without qualification. It assumes that every alteration would avoid the note, even though Sanders . . . directed it."

We think that Runnels was wrong when he told James that it would be unlawful to alter the note. His statement was too broad. It was perfectly proper to change the note with the consent of the makers, and what Mr. Runnels thought about the law is immaterial. Runnels not only consented to the change, but also made the change. They got the money,' but they insist that there was a material alteration of the instrument evidencing the debt, so as to render it not collectible; that one of them made the alteration in the presence of the other. This much is sure. True, Runnels expounded the law on the subject, according to his lights; but, in our opinion, his version of the law was unsound. The appellee gained no advantage by the alteration—he was not guilty of any fraud. He merely seeks to recover the money advanced by him to appellants, and while it was the opinion of appellants that the alteration, in itself, and even with their consent and active agency in the making of the alteration, would destroy appellee's right to recover under the altered instrument, we are nevertheless of opinion that the trial judge properly instructed the jury to find for the plaintiff.

*Affirmed.*